Stephanie R. Tatar – State Bar No. 237792
**TATAR LAW FIRM, APC**
3500 West Olive Avenue, Suite 300
Burbank, California 91505
Telephone: (323) 744-1146
Facsimile: (888) 788-5695
Stephanie@thetatarlawfirm.com

*Attorney for Plaintiff Juan Varela*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JUAN VARELA**<br><br>  **Plaintiff,**<br><br>  **v.**<br><br>**STERLING INFOSYSTEMS, INC.**<br>  **and**<br>**HOLLINS MANAGEMENT GROUP, INC.**<br><br>  **Defendants.** | **CIVIL ACTION NO. 5:14-CV-1807**<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT AND THE CONSUMER CREDIT REPORTING AGENCIES ACT**<br><br>**DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

1.      This is an action for damages brought by an individual consumer, Juan Varela, against Defendants for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C §§ 1681 *et seq., as amended* and the Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785, *et seq.*

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.   Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

1

**PARTIES**

4.      Plaintiff Juan Varela is an adult individual residing in Menifee, CA.

5.      Defendant Sterling Infosystems, Inc. ("Sterling") is a consumer reporting agency that regularly conducts business in the Central District of California and which has its headquarters and a principal place of business located at 1 State Street Plaza, 24th Floor, New York, NY 10004.

6.      Defendant Hollins Management Group, Inc. ("Hollins") is a user of consumer reports for employment purposes that regularly conducts business in the Central District of California, and which has a headquarters principal place of business located at 1040 N. Benson Ave. Upland, CA 91768.

**FACTUAL ALLEGATIONS**

7.      In or around October 2003, Plaintiff was arrested and charged with the crime of "take, damage or destroy property."  Plaintiff was subsequently convicted of this charge.

8.      On July 17, 2012, the Superior Court of California, County of Riverside, granted an order of dismissal for the above-referenced criminal matter. Specifically stating: "[i]t is ordered that the plea, verdict, or finding of guilt in the above-entitled action be set aside and vacated and a plea of not guilty be entered and that the complaint be, and is hereby, dismissed."

9.      In or around May 2014, Plaintiff applied for a position as a District Manager with Hollins.

10.     As part of his job application, Plaintiff signed a document purportedly authorizing Hollins to obtain a consumer report for employment purposes.

11.     The document did not identify the specific basis under Cal. Labor Code § 1024.5 for use of the report, did not identify the source of the report, and did not contain a box which Plaintiff could check to receive a copy of the report, as required by Cal. Civ. Code § 1785.20.5(a).

12. Hollins requested a consumer report from Sterling, and Sterling sold to Hollins a consumer report concerning the Plaintiff on or around May 28, 2014.

13. The report furnished by Sterling was for employment purposes.

14. This consumer report contained at least one item of information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically with Hollins.

15. Sterling has been improperly reporting, and did here report, time-barred, false, derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history to third parties ("inaccurate information").

16. The inaccurate information includes, but is not limited to, a 2003 felony arrest and subsequent conviction for taking, damaging, or destroying property, which was vacated in 2012.

17. Nevertheless, Sterling is inaccurately reporting the vacated felony arrest well past the seven years that it is entitled to report the arrest. This arrest should have been removed from the Plaintiff's criminal file and report (4) years ago in 2010.  15 U.S.C. § 1681c(a)(5) and Cal. Civ. Code § 1785.13(a)(6).

18. Sterling failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff.  Had Sterling followed such procedures it would have never falsely reported a time-barred and vacated conviction and arrest on Plaintiff's consumer report.

19. Plaintiff received no notification from Sterling that public record information had been reported about him, and Sterling did not notify Plaintiff of the name and address of the person to whom such information was reported.

20. Upon information, the Plaintiff alleges that Sterling never sent such a notice letter "at the time" it furnished an employment consumer report containing

derogatory public record information about him, as required by 15 U.S.C § 1681k(a)(2).

21.    Additionally, Sterling does not maintain strict procedures designed to insure that such information is complete and up to date, as required by 15 U.S.C. § 1681k(a)(2) and Cal. Civ. Code § 1785.18(b).  If Sterling had maintained such procedures it would not have falsely reported an arrest from 2003 or a conviction dismissed in 2012 on Plaintiff's consumer report.

22.    Under the FCRA, a "user" of a consumer report who intends to take an "adverse action" on a job application "based in whole or in part" on information obtained from the consumer report must provide a copy of the report to the job applicant, along with a notice of the applicant's dispute rights under the FCRA, *before* taking the adverse action, 15 U.S.C. § 1681b(b)(3)(A).

23.    The reasons for the "pre-adverse action" requirement with regard to employment situations are to alert the job applicant that he or she is about to be rejected based on the content of a report, and provide him or her an opportunity to challenge the accuracy or relevancy of the information with the consumer reporting agency or the user before that job prospect is lost.

24.    Hollins does not provide a written notice to job applicants about whom it intends to obtain a background report which identifies the specific basis under Cal. Labor Code § 1024.5 for use of the report, does not identify the source of the report, and does not provide notice which contains a box which the job applicant can check to receive a copy of the report, as required by Cal. Civ. Code § 1785.20.5(a).

25.    Here, Hollins used the Sterling report in its determination about Plaintiff's eligibility for employment and on June 17, 2014 deemed that Plaintiff "DOES NOT MEET HIRING CRITERIA."

26.     Hollins did not provide the required notice that adverse action may be taken based in whole or in part on the information contained in the Sterling report until June 17, 2014, after it had determined that Plaintiff  "DOES NOT MEET HIRING CRITERIA."

27.     Hollins did not provide such a notice to Plaintiff prior to taking adverse action depriving him of the right to dispute, and have corrected, inaccurate or misleading information reported about him.

28.     Subsequent to his application and the sale of a Sterling consumer report to Hollins, Plaintiff was denied employment as a district manager and Plaintiff was informed by Hollins that the basis for this denial was the inaccurate and time-barred information that appears on Plaintiff's Sterling consumer report and that the inaccurate information was a substantial factor for denial.

29.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

30.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## COUNT I – VIOLATIONS OF THE FCRA
### (PLAINTIFF v. STERLING)

31.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32.     At all times pertinent hereto, Sterling was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

33.    At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

34.    At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

35.    Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Sterling is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § §1681c(a), 1681e(b) and 1681k(a).

36.    The conduct of Sterling was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Sterling is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II – VIOLATIONS OF THE FCRA
## (PLAINTIFF v. HOLLINS)

37.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

38.    At all times pertinent hereto Hollins was a "person" and a "user of consumer reports for employment purposes" as those terms are defined by 15 U.S.C § 1681a(b) and § 1681b(b)(3)(A).

39.    At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C § 1681a(c).

40.    At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

41.     Hollins violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on users of consumer reports for employment purposes pursuant to 15 U.S.C § 1681b(b)(3).

42.     Hollins' conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Hollins is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT III – VIOLATIONS OF THE CCRAA
### (PLAINTIFF v. STERLING)

43.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

44.     Sterling is a "person" and a "consumer credit reporting agency" as those terms are defined by Cal. Civ. Code §§ 1785.4(j) and 1785.3(d), respectively.

45.     Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code §§ 1785.3(b) and 1785.6.

46.     The above-mentioned consumer reports were "consumer credit reports" as that term is defined by Cal. Civ. Code § 1785.3(c).

47.     Pursuant to Cal. Civ. Code § 1785.31, Sterling is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer credit reporting agency pursuant to Cal. Civ. Code §§ 1785.13(a)(6) 1785.14(b) and 1785.18(b).

48.     The conduct of Sterling was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Sterling is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along

1  with the attorney's fees and the costs of litigation, as well as such further relief, as

2  may be permitted by law.

3  **COUNT IV – VIOLATIONS OF THE CCRAA**

4  **(PLAINTIFF v. HOLLINS)**

5  49.    Plaintiff incorporates the foregoing paragraphs as though the same

6  were set forth at length herein.

7  50.    At all times pertinent hereto Hollins was a "person" and a "user of

8  consumer credit reports for employment purposes" as those terms are defined by

9  Cal. Civ. Code §§ 1785.4(j) and § 1785.20.5(a), respectively.

10  51.    Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code §§

11  1785.3(b) and 1785.6.

12  52.    The above-mentioned consumer reports were "consumer credit

13  reports" as that term is defined by Cal. Civ. Code § 1785.3(c).

14  53.    Pursuant to Cal. Civ. Code § 1785.31, Hollins is liable to the Plaintiff

15  for willfully and negligently failing to comply with the requirements imposed on a

16  user of consumer credit reports pursuant to Cal. Civ. Code § 1785.20.5(a).

17  54.    Hollins' conduct was a direct and proximate cause, as well as a

18  substantial factor, in bringing about the serious injuries, actual damages and harm

19  to the Plaintiff that are outlined more fully above and, as a result, Hollins is liable

20  to compensate Plaintiff for the full amount of statutory, actual and punitive

21  damages, along with the attorneys' fees and the costs of litigation, as well as such

22  further relief, as may be permitted by law.

23  **JURY TRIAL DEMAND**

24  55.    Plaintiff demands trial by jury on all issues so triable.

25  **PRAYER FOR RELIEF**

26  WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

27  (a)    Actual damages;

8
COMPLAINT AND JURY DEMAND

1    (b)    Statutory damages;

2    (c)    Punitive damages;

3    (d)    Costs and reasonable attorney's fees; pursuant to 15

4    U.S.C. §§ 1681n and 1681o; and

5    (e)    Such other and further relief as may be just and proper.

6

7                              Respectfully Submitted,

8                              **TATAR LAW FIRM, APC**

9

10    BY: _____

11    Stephanie Tatar
      Attorney for Plaintiff

12    DATE: August 29, 2014

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

9
COMPLAINT AND JURY DEMAND